UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

      Plaintiff,
vs.

MMM & K CORPORATION
d/b/a Coral Bagels and
GROVE PLAZA HOLDINGS, LP

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant MMM & K Corporation doing business as a Coral Bagels and Defendant Grove Plaza Holdings LP for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations compliance with the ADA/ADAAG.

5. Defendant MMM & K Corporation (also referenced as "Defendant MMM & K," "operator," lessee" or "co-Defendant") is a Florida for-profit corporation and operator of the Coral Bagels bakery and diner located at 2750 SW 26 Avenue, Miami Florida 33133, which is the subject of this action.

6. Defendant Grove Plaza Holdings LP, is a foreign limited partnership licensed to transact business in Florida (also referenced as "Defendant Grove Plaza," "lessor," "owner," or "co-Defendant") is the owner of Folio 01-4115-041-0580, which represents real property located at 2600 South Dixie Highway, Miami Florida 33133 and which is also known by the address 2750 SW 26 Avenue. Defendant Grove Plaza's real property is a commercial property which houses the Coral Bagels bakery and diner which is open to the general public.

## FACTS

7. At all times material hereto, Defendant MMM & K has been leasing a portion of Defendant Grove Plaza's commercial property and operating its Coral Bagels bakery and diner within that leased space.

2

8. Defendant MMM & K's Coral Bagels bakery and diner specializes in freshly baked bagels and a sit-down restaurant serving New York deli selections for breakfast, lunch, and dinner. Since Coral Bagels is a full-service restaurant open to the general public it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink" and as it bakes and sells bagels, it is classified under 42 U.S.C. §12181(7)(E) as a bakery. The Coral Bagels bakery and diner which is the subject to this action is also referred to as "Coral Bagels bakery and diner," "Coral Bagels," "bakery/diner," or "place of public accommodation."

9. As the owner/operator of Coral Bagels bakery and diner which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates a restaurant and a bakery pursuant to 42 U.S.C. §12182, §12181(7)(B)), 42 U.S.C. §12182, §12181(7)(E)) and 28 C.F.R. §§36.104(2) & (5).

10. As the owner of commercial real estate, part of which is leased for use as a bakery and diner open to the general public, Defendant Grove Plaza is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §§12182, §§12181(7)(B) & (E), and 28 C.F.R. §§36.104(2) & (5).

11. Due to the close proximity of the Coral Bagels bakery and diner to Plaintiff's home, on November 22, 2021 Plaintiff went to the establishment with the intent of purchasing a meal and dining therein.

12. While patronizing the Coral Bagels bakery and diner Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility. Those areas

3

of inaccessibility were within the exterior seating area and the public restroom, as further delineated herein.

13. While Plaintiff purchased a meal, he left Coral Bagels bakery and diner feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access by the operator of the Coral Bagels bakery and diner (Defendant MMM & K) and by the owner of the commercial property which houses that bakery and diner (Defendant Grove Plaza).

15. On information and belief, as the owner/operator of a bakery and diner, Defendant MMM & K is well aware of the need to provide equal access to individuals with disabilities. Defendant MMM & K's failure to reasonably accommodate individuals with disabilities at its bakery and diner is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. On information and belief, as an investor in commercial property, Defendant Grove Plaza is aware of the ADA and the need to provide for equal access within its commercial property as related to its public accommodation tenants. Therefore, Defendant Grove Plaza's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of the Coral Bagels bakery and diner (Defendant MMM & K) and by the owner of the commercial property which houses that bakery and diner (Defendant Grove Plaza).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff has been a customer of Coral Bagels and continues to desire to patronize and/or test the bakery and diner for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the areas of inaccessibility which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

    order to address the major areas of discrimination faced on a daily by people with disabilities.

    42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Coral Bagels bakery and diner located at 2750 SW 26 Avenue to dine therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant MMM & K and Defendant Grove Plaza have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Coral Bagels bakery and diner in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv) where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Coral Bagels bakery and diner.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant Grove Plaza houses the subject Coral Bagels bakery and diner which is operated by Defendant MMM & K is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* and both Defendants are discriminating against the Plaintiff as a result of *inter alia* the following specific violations:

  i. As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), the outdoor seating did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finished floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Section 226. Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902 (which requires the provision of accessible knee and toe clearance).

  ii. As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305

        mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

iii.    As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the secondary side wall to the center of the toilet.

iv.    As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must

       be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The toilet paper dispenser is in violation of these sections.

v. As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

vi. As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finished floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is

        obstructed and is higher than the high forward reach guidelines. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

vii.    As to Defendant MMM & K (lessee/operator) and Defendant Grove Plaza (owner/lessor) (jointly and severally), Plaintiff could not open the restroom door without assistance, as the required maneuvering clearance (clear width) on the pull side of the restroom door is not provided. The fact that the restroom door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

    30.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the Coral Bagels bakery and diner (a place of public accommodation) accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

    31.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the Coral Bagels bakery and diner therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

    **WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner/lessor Defendant Grove Plaza Holdings LP and Defendant MMM & K Corporation (the operator of the Coral Bagels bakery and diner located within that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Coral Bagels bakery and diner located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 4th day of January, 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*